[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEFAND DECLARATORY RELIEF
FACTS
The plaintiff, City of Norwich Board of Public Utilities Commissioners (Norwich), brought this action seeking to enjoin the defendant, Yankee Gas Services Company (Yankee), from constructing a gas distribution system and from selling or CT Page 1079-A advertising to sell gas service to any customer located within Norwich's franchise area. Norwich also seeks a declaratory ruling that it possesses an exclusive franchise to sell and distribute gas in the gas franchise area, an interpretation of the statutory franchise area, and an order that Yankee may not construct a gas distribution system or distribute or sell gas within the gas franchise area without the permission of Norwich. Two primary issues of fact are contested. The first is whether Norwich enjoys an exclusive grant of authority to sell and distribute gas. Norwich claims that its franchise is exclusive. The second issue is to which territory the exclusive franchise grant, if it exists, applies. Norwich argues that the Town of Preston is included in its exclusive franchise area. Both parties have advanced articulate arguments heard by the court and extensively briefed the issue.
DISCUSSION
An injunction is the proper remedy for a franchise to prevent unauthorized competition. Groton v. Yankee GasCT Page 1079-BServices Company, 224 Conn. 675, 682, 620 A.2d 771 (1993). "It is clear that the power of equity to grant injunctive relief may be exercised only under demanding circumstances. . . . [T]he issuance of an injunction rests within the sound discretion of the trial court. . . . In exercising its discretion, the court, in a proper case, may consider and balance the injury complained of with that which will result from the interference by injunction." (Citations omitted; internal quotation marks omitted.) Anderson v.Latimer Point Management Corp. , 208 Conn. 256, 262,245 A.2d 525 (1988).
"Injunctive relief may not lie where it is predicated on the fears and apprehensions of the party applying for it or where it would be incompatible with the equities of the case." (Citations omitted.) Karls v. Alexandra Realty Corp. ,179 Conn. 390, 402, 426 A.2d 784 (1980). "The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted." Id.
"Although an absolute certainty is not required, it must CT Page 1079-C appear that there is a substantial probability that but for the issuance of the injunction, the party seeking it will suffer irreparable harm." (Citations omitted.) Id. "Whether damages are to be viewed by a court of equity as `irreparable' or not depends more upon the nature of the right which is injuriously affected that upon the pecuniary measures of the loss suffered." (Citations omitted.) Emhardt Industries,Inc. v. Amalgamated Local Union 376, 190 Conn. 371, 402,461 A.2d 422 (1983).
In Connecticut, a company may provide gas distribution service only if statutorily authorized. Both parties claim statutory grants of authority to distribute and sell gas in Preston. Norwich predicates its claims on four special acts, Special Act No. 391 (1897), Special Act No. 232 (1913), Special Act No. 225 (1919) and Special Act No. 573 (1951). Yankee predicates its claims on Special Act No. 195 (1927).
Norwich Gas and Electric was incorporated in 1897 by special act which provides, in pertinent part: "Said corporation is hereby authorized and empowered to erect gas CT Page 1079-D works, buildings, posts, and poles, to lay pipes, to construct conduits, run overhead and underground wires and cables, to use all other properties in the City of Norwich and Towns of Norwich and Preston, which said company may acquire or require . . . to furnish any kind of gas. . . ." Special Act No. 391 § 6 (1897.)
While the General Assembly amended the Norwich grant in 1913, the operative effect of the amendment was to change the name of the corporation to "[t]he board of gas and electrical commissioners of the City of Norwich." Special Act No. 232 (1913). The General Assembly passed the dispositive section on May 8, 1919 titled "An Act Concerning the Sale of Gas and Electricity in Norwich." Special Act. No. 225 (1919). Special Act No. 225 provides in its entirety: "Neither The Eastern Connecticut Power Company, The Shore Line Electric Railway Company, nor any other company or person, shall, while the City of Norwich operates a gas or electric plant, purchase, lease or otherwise acquire the franchises, rights or privileges of The Norwich Gas and Electric Company by virtue thereof sell or distribute, or acquire the right to sell or CT Page 1079-E distribute gas or electricity within the territory in which said city has the right to sell or distribute gas or electricity, not shall said The Eastern Connecticut Railway Company or any other company, by consolidation or merger with another company or by purchase or lease of its rights or franchises, have or acquire the right to sell or distribute gas or electricity within the said territory, except with the consent of, or under contract with said city; provided the provisions of this act shall not impair or limit any rights, franchises or privileges heretofore granted, and now existing, relating to the manufacture, distribution or sale of electricity."
The court finds that the plain language of the Special Act is clear and unambiguous and that a fair reading of the section grants an exclusive right to sell and distribute gas to The Norwich Gas and Electric Company "within the territory in which said city has the right to sell or distribute gas." The territory is defined as "the City of Norwich and the Towns of Norwich and Preston." Special Acts No. 391, § 6 (1897). The Norwich Gas and Electric Company is the predecessor CT Page 1079-F company to the plaintiff, the City of Norwich Board of Public Utilities Commissioners. Special Act No. 573, Chapter XII, Section 5 (1951).
Yankee argues that it has the right to advertise, sell and distribute gas in Preston. Yankee predicates its claim on Special Act No. 195 (1927) and argues that the act authorizes it to "supply gas to customers anywhere in the State of Connecticut — including the Town of Preston — if no other company has `occupied and served' the particular area in which Yankee seeks to begin gas service." Yankee Memorandum in Opposition, pages 1-2. Yankee argues that the area of Preston is not being "occupied and served" by Norwich and, therefore, Yankee has the right to sell and distribute gas in Preston. Norwich argues that its statutory grant defines its franchise area as the City of Norwich and Towns of Norwich and Preston, that it is servicing this area and is entitled to injunctive and declaratory relief. The plain language of the special acts is clear and unambiguous and the franchise area defined is the City of Norwich and the Towns of Norwich and Preston. The court further finds that because Norwich is currently CT Page 1079-G selling and distributing gas in the City of Norwich, it is `occupying and serving' the franchise territory within the meaning of the special acts. Consequently, Yankee must either obtain Norwich's consent or contract with Norwich prior to advertising, selling or distributing gas in the City of Norwich and Towns of Norwich and Preston.
The court hereby grants the injunctive and declaratory relief requested by the plaintiff, the City of Norwich Board of Public Utilities Commissioners, by enjoining Yankee Gas from advertising, selling or distributing gas in the franchise territory, the City of Norwich and Towns of Norwich and Preston, and declaring that the grant to the plaintiff is an exclusive franchise to sell and distribute gas.
Hurley, J.